GARFIELD GAS GATHERING COMPA-
NY, a Delaware corporation,
Plaintiff,

v.

INDIANA-OHIO PIPE CO., an Ohio cor-
poration, and B. Bender, Defendants.

Civ. A. No. 6949.

United States District Court
D. Colorado.

Nov. 21, 1961.

Brown, Healy, Drew, Apostolos & Bar-
ton, George M. Apostolos, Casper, Wyo.,
and Anthony F. Zarlengo, Denver, Colo.,
for plaintiff.

Edward G. Taylor, Denver, Colo., for
defendants.

DOYLE, District Judge.

The defendants herein have moved to
bring in third party defendants W. W.
Carter and W. W. Carter, Jr., doing
business as Carter and Carter. These
individuals reside in San Antonio, Texas.

The grounds for the motion are that
the Carters guaranteed in writing the
performance by the plaintiff of the con-
tract and are thus liable to defendants
and are susceptible to the assertion of
claims by defendants by way of counter-
claim.

In general, the action by plaintiff
seeks a rescission of a contract to fur-
nish a large quantity of pipe which was
to have been used by plaintiff in con-
structing a gas transportation line. The
complaint alleges that plaintiff was in-
duced by false representations to enter
into the contract and that upon delivery
discovered that the pipe differed sub-
stantially in character and quality from
the pipe which the defendants represent-
ed that they had available. The counter-
claim seeks recovery based upon affirm-
ance of the contract, demands specific
performance, and claims special dam-
ages.

Carter and Carter guaranteed plain-
tiff's performance in these terms:

"For valuable consideration, the
receipt and sufficiency of which are
hereby expressly acknowledged, and
for the purpose of inducing Indi-
ana-Ohio Pipe Co. to enter into the
above contract with Garfield Gas
Gathering Company, we, W. W.
Carter and W. W. Carter, Jr., dba
Carter & Carter (A102 Petroleum
Center, San Antonio, Texas) a gen-
eral partnership, do hereby guaran-
tee the performance of the above

contract by Garfield Gas Gathering Company.

"s/ W. W. Carter
"W. W. Carter
"s/ W. W. Carter, Jr.
"W. W. Carter, Jr."

Defendants contend that the parties in question are "required" within the meaning of Rule 13(h) F.R.Civ.P., which authorizes the Court to bring in parties other than those in the original action, "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

The Carters are admittedly residents of Texas and thus their presence would not deprive the Court of jurisdiction of the action. Even if they were residents of Colorado, it would appear that the claims asserted against them by defendants are ancillary to the principal law suit so that their being added would not defeat the Court's jurisdiction.

It would not appear, however, that the counterclaim is a compulsory one or that the parties are indispensable. Indeed, it is doubtful whether defendants would contend that the Carters are indispensable because this would demand dismissal of defendants' counterclaim against the plaintiff. See 3 Moore's Federal Practice, 102. In any event, it is unnecessary to decide whether the claims asserted can be classified as "required" because the controlling issue appears to be whether jurisdiction "can be obtained."

■ In asserting that jurisdiction over the parties can be obtained, defendants point out that Carter and Carter own numerous gas wells within the district—in Garfield County, Colorado, and that they are frequently present in Colorado on business matters. Defendants also rely on the likelihood of the Carters' coming to Colorado to testify on behalf of plaintiff inasmuch as they have important information, as shown by their depositions (which were taken in San Antonio, Texas). The ultimate question involves, therefore, considera-

tion of that part of Rule 13(h) which provides, "if jurisdiction of them can be obtained." Does this mean, if jurisdiction can be obtained possibly? Or, does it mean, can jurisdiction be obtained in the normal course of events? Or, are they subject to the service of process? To say that these parties may possibly subject themselves to the court's jurisdiction at some future time is not equivalent to, and does not satisfy the requirement that "jurisdiction of them can be obtained." The rule assumes that the parties are subject to process within the district.

■ It is helpful to read Rule 19(b) F.R.Civ.P. in connnection with 13(h) because it treats the issue of acquisition of jurisdiction over persons much more specifically than does Rule 13(h). It provides as follows:

"(b) *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

This clearly expresses the viewpoint that *persons* are not subject to the court's jurisdiction where process can be served on them only as a result of their volun-

tary appearance or consent. In the instant case jurisdiction can not possibly be obtained unless the Carters voluntarily appear within the district or in court as witnesses. If they were served while appearing as witnesses the question of their immunity would then arise. This issue is not now before the court.

If the defendants' motion were to be granted the court would be giving Rule 13(h) a construction having jurisdictional significance. See Lesnik v. Public Industrials Corporation, 144 F.2d 968, (2 Cir., 1944).

Lesnik v. Public Industrials Corporation, 51 F.Supp. 989, (S.D.N.Y., 1943), which is relied on by defendants, is distinguishable. There it appeared that even though the prospective parties resided outside New York, they were subject to process because they had businesses in New York City. The distinction is demonstrated by the following recital which appears in the opinion (51 F.Supp. 993):

"* * * The affidavits in support of the motion demonstrate that it will not be difficult for the non-resident third-party defendants to be served in this State and District because two of them are in business in the Borough of Manhattan, New York City, and the third is frequently present here on business matters at the office of the Hightstown Rug Company, of which he is president. Thus the requirements of Rule 13(h) can be satisfied."

In the case at bar the acquisition of personal jurisdiction over these prospective parties is not probable as it was in the Lesnik case and the likelihood of such acquisition can be graded no higher than "possible."

Being of the opinion, therefore, that defendants have failed to demonstrate that the demands of Rule 13(h) have been satisfied, the Court must conclude that the motion is insufficient and that the same should be and it is hereby denied.